## CIRCUIT COURT OF THE CITY OF PETERSBURG

Commonwealth of Virginia

v.

William H. Wyatt

December 29, 1986

### By JUDGE OLIVER A. POLLARD, JR.

William Wyatt was found to be in contempt of Court in the General District Court and fined $10.00 and required to pay costs of $20.00. Mr. Wyatt has appealed to the Circuit Court and requested a trial by jury.

Mr. Richard Beck [defendant's counsel] in his Memorandum of Law, makes two points. The first being that Article I, Section 8, of the Constitution of Virginia guarantees the accused in a criminal prosecution the right to trial by jury. Second, that Section 18.2-457 limits punishment that may be imposed for contempt by a court without a jury but does not limit the defendant's right to demand trial by jury.

The Commonwealth, on the other hand, argues that summary convictions for criminal contempt has been limited to cases where the contempt is judged by the Court not to constitute serious criminal conduct, and that the Supreme Court of the United States has ruled that petty crimes need not be tried by a jury.

Logic would seem to dictate that the statutory language referred to by Mr. Beck, limiting punishment that may be imposed by the Court without a jury, would mean that if the Court confines punishment to those limits the defendant would not be entitled to trial by jury. In addition, there appears to be law supporting the Court's power to handle contempt cases without intervention of juries. It has been held that the Court's power to punish for contempt is inherent and not derived from any statute

but arises from a necessity. The Supreme Court of Virginia addressed this problem in the late 1800s in *Carter's Case*, reported in 96 Va. at page 791. In that case the trial Court had refused Carter trial by jury for summary contempt and fined him $25.00 and confined him to two days in jail. The Supreme Court of Virginia affirmed. The Court commented "that in the Courts created by the Constitution, there is an inherent power of self-defense and self-preservation; that this power may be regulated but cannot be destroyed, or so far diminished as to be rendered ineffectual by legislative enactment; that it is a power necessarily resident in and to be exercised by the Court itself. . . ."

Mr. Wyatt's request for a jury trial is denied.